IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 92-504-5 |
| | : | |
| CARLTON LOVE | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                                             **January 24, 2013**

Defendant Carlton Love, who is currently serving a 330-month sentence following his conviction on federal drug charges, has filed pro se motions (1) for a downward departure, and (2) for re-sentencing and/or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the motions will be denied.

**FACTS**

In May 1993, a jury convicted Love of federal drug charges, including conspiracy to distribute, and distribution of, cocaine and heroin. On September 14, 1993, United States District Judge James T. Giles sentenced Love to 360 months of imprisonment, finding Love should be held accountable for at least 500 kilograms of cocaine and 3 kilograms of heroin. At the time of Love's sentencing, the base offense level for a defendant convicted of a controlled substance offense involving the drug quantities for which Love was held accountable was 40. With a two-level increase for possession of a firearm in connection with drug-trafficking activities, Love's total offense level was 42. Thus, with a criminal history category of I, his sentencing range under the United States Sentencing Guidelines was 360 months to life. *See United States v. Edmonds*, 52 F.3d 1236, 1244 & n.6 (3d Cir. 1995) (recounting Love's sentencing range at his initial sentencing).

On appeal, the Government conceded it had insufficient evidence to attribute to Love 100 of the 500 kilograms of cocaine the Court had attributed to him at sentencing. *See id.* at 1244. Because this reduction in the quantity of drugs for which Love could be held accountable had the effect of reducing his base offense level from 40 to 38, yielding a lower sentencing range of 292 to 365 months, the Third Circuit Court of Appeals remanded the case for resentencing. *See id.* at 1244 & n.6.

On April 25, 1996, Judge Giles held a resentencing hearing at which the parties stipulated that the amount of cocaine attributable to Love was 450 kilograms. Resentencing Hr'g Tr. 31-32, Apr. 25, 1996. Holding Love accountable for 450 kilograms of cocaine and three kilograms of heroin (which reduced Love's base offense level to 38), and again applying a two-level increase for Love's possession of a firearm, the Court found Love's revised Guidelines range was 290 to 365 months.[1] *Id.* at 46; *see also id.* at 12, 16 (noting the reduced drug quantity would give Love a base offense level of 38). The Court then resentenced Love to 330 months of imprisonment (i.e., 27½ years). *See id.* at 47. Love again appealed, but the Court of Appeals affirmed. Love thereafter sought relief via a petition pursuant to 28 U.S.C. § 2255, which was denied following an evidentiary hearing in July 2006. The Court of Appeals denied Love's request for a certificate of appealability. By order of December 12, 2008, this case was reassigned to the undersigned district judge.

**DISCUSSION**

In his motion for downward departure, submitted on July 11, 2011, Love asks this Court to grant him a downward departure from the now-advisory Guidelines range or, alternatively, "to order a[] reasonable sentence at the low end of the guideline range." Def.'s Mot. for Downward

---

[1] In fact, the correct Guidelines range was 292 to 365 months, as the parties acknowledged at the resentencing hearing. *See id.* at 34.

2

Departure 1. Love contends a reduction of his sentence is warranted based on the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), which he analyzes in some detail in his motion. A court's authority to modify an incarceration sentence is extremely limited. Once a term of imprisonment has been imposed, a court may modify it only (1) "upon motion of the Director of the Bureau of Prisons" for "extraordinary and compelling reasons" or if the defendant is at least 70 years old and has served at least 30 years of his sentence, 18 U.S.C. § 3582(c)(1)(A); (2) to correct an "arithmetical, technical, or other clear error" within 14 days after sentencing, Fed. R. Crim. P. 35(a); *see also* 18 U.S.C. § 3582(c)(1)(B); or (3) if the sentencing range on which the defendant's term of imprisonment was based has been lowered by the Sentencing Commission in an amendment to the Guidelines that applies retroactively, *see* 18 U.S.C. § 3582(c). *See United States v. Thomas*, 477 F. App'x 886, 887 (3d Cir. 2012) (describing when a court may reduce a term of imprisonment). Because Love's downward departure motion does not implicate any of these circumstances, the motion will be denied.

In his sentence reduction and related motions,[2] Love asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 505 and 536 to the Sentencing Guidelines. Amendment 505, which took effect on November 1, 1994, after Love's original sentence was imposed but before he was resentenced, reduced the maximum base offense level for any drug offense to 38, eliminating the previously available base offense levels of 40 and 42. The Sentencing Commission made Amendment 505 retroactive through Amendment 536. As explained below, Amendment 505 did not alter the base offense level applicable to Love's re-calculated drug quantity.

---

[2] In addition to his original sentence reduction motion, Love filed a motion to amend his sentence reduction motion and a motion asking the Government to reconsider its opposition to his original motion. The motion to amend will be granted insofar as this Court will consider the arguments raised therein in evaluating Love's request for a sentence reduction.

Section 3582(c)(2) permits a court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court may only grant a sentence reduction pursuant to § 3582(c)(2) if the amendment at issue has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009). In other words, when the amendment at issue is substituted for the corresponding Guidelines provision applied at sentencing, the resulting sentencing range must be lower than the range applied at sentencing. *See id.* § 1B1.10(b)(1); *Mateo*, 560 F.3d at 154-55.

Here, although Love was originally sentenced based on a sentencing range of 360 months to life, after his sentence was vacated on appeal, he was resentenced based on a new sentencing range of 292 to 365 months. *See* Resentencing Hr'g Tr. 46. As Love concedes, this is the same sentencing range he contends should apply pursuant to Amendment 505: "Application of Amendment 505 lowers the Defendant's base offense level from 40 to 38. With the two level-increase for gun possession, the total offense level was 40, resulting in . . . a revised guideline range of 292 to 365." Def.'s Reply to Gov't's Opp'n 4; *see also* Def.'s Mot. Seeking Reconsideration 3 ("[Amendment 505] reduced the Petitioner's base offense level to 38, and reduced his adjusted offense level to 40. At the established criminal history category of I, Petitioner's revised guideline range was 292 to 365 months.").

In his motion to amend, Love argues he did not receive any relief from Amendment 505 when he was resentenced in April 1996 because the Court resentenced him based solely on the reduced quantity of cocaine attributed to him. Def.'s Mot. to Amend. 6; *see also* Def.'s Reply to

Gov't's Resp. 4 (noting Love "was re-sentenced pursuant to the cocaine amount, not under the 505 Amendment relief"). The Government disputes this assertion, arguing because Love was resentenced after the effective date of Amendment 505, he must have received the benefit of the Amendment. It is not clear from the resentencing hearing transcript which version of the Guidelines the Court applied at resentencing. Even assuming the Court applied the Guidelines in effect at the time of Love's original sentencing (i.e., the pre-Amendment 505 version), it is clear Love was assigned the same base offense level and sentencing range that would have applied under the Guidelines as modified by Amendment 505. Given the reduced quantity of drugs for which Love was held accountable at resentencing, under either version of the Guidelines, his base offense level was 38, his total offense level was 40, and his sentencing range was 292 to 365 months. Indeed, Love's counsel conceded as much at the evidentiary hearing on Love's § 2255 motion. *See* Hr'g Tr. 4-5, 78, July 11, 2006 (acknowledging 1992 and 1996 Sentencing Guidelines Manuals would produce the same result in Love's case, at least so long as the two-level gun enhancement applied). As a result, Amendment 505 "does not have the effect of lowering [Love's] applicable guideline range," and a sentence reduction is therefore not authorized under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B); *Mateo*, 560 F.3d at 155 (holding sentence reduction was not authorized where amendment on which defendant relied did not affect his applicable sentencing range).

Love also faults the Court for not considering the § 3553(a) factors at resentencing, *see* Def.'s Reply to Gov't's Resp. 6, and asserts the Government should reconsider its opposition to his sentence reduction motion as it did with respect to a sentence reduction motion filed by one of his codefendants, *see* Mot. Seeking Reconsideration 4. Neither argument is persuasive. Because Love does not qualify for a sentence reduction under § 3582(c)(2), this Court has no

authority to reduce his sentence based on these factors.  Accordingly, Love's sentence reduction

motion and motion seeking reconsideration will be denied.

An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez